FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 4 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# United States Court of Appeals

## For the Eleventh Circuit

Nos. 07-12525 & 08-12919

District Court Docket No.
05-00381-CR-01-ODE-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 26, 2010

JOHN LEY
ACTING CLERK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

EVERETT JEROME TRIPODIS,
a.k.a. Edward Bourley,
a.k.a. Melvin Dudley,

        Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-------------------------------------------------------------------

Appeals from the United States District Court
for the Northern District of Georgia

-------------------------------------------------------------------

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by
reference, is entered as the judgment of this Court.



Entered:     January 26, 2010
For the Court:   John Ley, Acting Clerk
By:   Clark, Djuanna

ISSUED AS MANDATE

MAR 23 2010

U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2010
JOHN LEY
ACTING CLERK

Nos. 07-12525 & 08-12919

D. C. Docket No. 05-00381-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT JEROME TRIPODIS,
a.k.a. Edward Bourley,
a.k.a. Melvin Dudley,

Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of Georgia

(January 26, 2010)

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Everett Jerome Tripodis and others schemed to duplicate out-of-state car

titles that they then used to obtain Georgia car titles in an effort to conceal stolen

vehicles, the Vehicle Identification Number ("VIN") of which they had altered.

After the Government indicted him, Tripodis pled guilty to tampering with a VIN

in violation of 18 U.S.C. § 511; mail fraud in violation of 18 U.S.C. § 1341; and

conspiracy to transport a stolen motor vehicle and tamper with a VIN, in violation

of 18 U.S.C. §§ 511 and 2312.  His counseled guilty plea was entered pursuant to a

plea agreement with the Government.  On appeal to this Court, Tripodis argues that

the Government breached the plea agreement by failing to fulfill its promise to

recommend a sentence at the low end of the United States Sentencing Guidelines

("U.S.S.G.") range.  He is represented by counsel on this appeal.  Separately,

Tripodis appeals, *pro se*, the district court's denial of his "Motion To Withhold

Entry Of Judgment" and his "Motion Requesting Remedy for Breach of the

Government's Plea Agreement."  We affirm as to both appeals, which we have

consolidated for appellate review.

### BACKGROUND

On November 29, 2006, Tripodis entered into a written plea agreement in

which the Government agreed that it would "move pursuant to U.S.S.G. § 3B1.1

for a sentence enhancement of three levels based on the defendant's role in the

offense."  Doc. 97–2 at 5.  The agreement further provides that the "defendant

reserves the right to argue that his offense level should be enhanced by less than

2

three levels." *Id.*  In addition, the Government agreed to recommend that Tripodis

receive a sentence at the low end of the Guidelines range.  The plea agreement also

states that "[t]he Government reserves the right to inform the [district] [c]ourt . . .

of all facts and circumstances regarding the defendant in this case, and to respond

to any questions . . . the Government also reserves the right to make

recommendations regarding application of the Sentencing Guidelines." *Id.*

Further, the plea agreement emphasized that the recommendations of the

Government are "not binding on the [district][c]ourt." *Id.* at 6.

The applicable Sentencing Guidelines range was 46–57 months, but the

district court imposed a 60-month sentence on all counts to run concurrently.  The

district court noted that the 60-month sentence was above the Government's

recommendation, but emphasized that the PSI warranted a higher sentence than

recommended.  The district court found it "worrisome" that Tripodis became

involved in an organized scheme to commit car theft shortly after his release on

prior automobile and theft charges, for which he served a 41-month sentence.

On May 31, 2007, Tripodis's lawyer filed a notice of appeal, but Tripodis

himself filed several *pro se* motions challenging his sentence including his

"Motion To Withhold Entry Of Judgment" and "Motion For Requesting Remedy

For Breach of the Government's Plea Agreement."  In these motions, his

3

complaints mirror those raised in his counseled appeal in his efforts to obtain a

modification of his sentence.  On May 12, 2008, the district court dismissed the

*pro se* motions, for lack of jurisdiction to consider them, because they failed to

meet the requirement of Federal Rule of Criminal Procedure 35(a).  Tripodis now

appeals the district court's jurisdictional conclusion and asks us to order the district

court to reconsider his post-conviction motions.  Of course, we also have the

separate counseled-appeal alleging that the Government breached the plea

agreement.

## DISCUSSION

We address the jurisdictional question first.  Within seven days of

sentencing, the district court "may correct a sentence that resulted from

arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[1]  Clear error is

"acknowledged and obvious errors in sentencing." *United States v. Lett*, 483 F.3d

782, 787 (11th Cir. 2007).  We review *de novo* the jurisdictional question about

whether the district court had authority to resentence a defendant under Fed. R.

Crim. P. 35(a).  *United States v. Sjeklocha*, 114 F.3d 1085, 1087 (11th Cir. 1997)

(explaining that the question of whether the district court had the authority to

---

[1] Former Rule 35(c), became the new Rule 35(a).  Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a).

4

resentence the defendant under Fed. R. Crim. P. 35(a) is a "legal question subject to plenary review"). The Rule 35 Advisory Committee notes add that the Rule "is not intended to afford the Court the opportunity to reconsider the application or interpretation of the Sentencing Guidelines or for the court simply to change its mind about the appropriateness of the sentence." The scope of a district court's authority to rule on the merits of a post-judgment motion for reconsideration of a plea agreement is unclear. We have said that the "district court has 'plenary power . . . to modify [its] judgment for error of fact or law, or even to revoke it altogether.'" *United States v. LaSpesa*, 956 F.2d 1027, 1034 (11th Cir. 1992). But we have also concluded that "[o]utside of Rule 35[(a)], there exists no inherent authority for a district court to modify a sentence." *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002) (quotation and citation omitted). However, we need not decide whether the district court retained jurisdiction to consider Tripodis's post-plea motions alleging breach of the plea agreement because we find on the merits of Tripodis's counseled appeals that the Government did not breach the plea agreement.

It is well-settled that the "sentencing court is not bound by the parties' agreements or recommendations." *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998) (per curiam). "When a plea rests in any significant degree on a

5

promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* (internal citations and quotations omitted). Therefore, "[t]o determine whether the Government breached the plea agreement, we must first determine the scope of the Government's promises." *Raulerson v. United States*, 901 F.2d 1009, 1011 (11th Cir. 1990). Additionally, "[t]he court must decide whether the Government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea." *In re Arnett*, 804 F.2d 1200, 1202–03 (11th Cir. 1986) (citation omitted); *see also United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992) (explaining that whether "the [G]overnment violated the [plea] agreement is judged according to the defendant's reasonable understanding at the time he entered the plea" agreement). In *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996), we explained that the Government breaches a plea agreement when it "unequivocally promise[s]" that it would make a particular sentencing recommendation, and then advocates a position requiring a greater sentence. In such cases, the Government's actions are considered "flatly inconsistent with the recommendation of a lesser sentence." *Id.* In this case, the Government fulfilled its promise to recommend a sentence at the low end of the applicable Guidelines range. Tr. 33–34.

6

Tripodis admits that the Government recommended a minimum 46-month sentence in compliance with their plea agreement.  At the sentencing hearing, however, Tripodis objected to the Government's statements about his "character" and "history." Tr. 34.  Tripodis argues that the introduction of these facts into the sentencing process served as a "backdoor" through which the Government presented reasons for imposing a higher sentence.  Specifically, Tripodis asserts that the Government violated the plea agreement by asking the district court to look at Tripodis's "extensive record in terms of his involvement in car theft," and commenting that "it's not every day that we have a defendant that comes in to federal court and actually has two federal convictions, numerous arrests in connection with auto theft, and as a matter of fact, I believe that there is still a pending auto theft case with the defendant with Fulton County as well."  Tr. 34.

Although Tripodis's contention has some merit, after review, we are unable to conclude that the Government departed from the material promises contained in the agreement itself.  Indeed, the Government fulfilled its promise to recommend that Tripodis receive a sentence at the lowest end of the Guideline range however, it also "reserve[d] the right to make recommendations regarding application of the Sentencing Guidelines." Doc. 97-2 at 4–5.  The record shows that the Government did not betray the terms of the agreement when it directed "the court's attention to

7

18 U.S.C. § 3553 and the applicable factors underneath that section. In particular, basically the history and . . . characteristics of the defendant." Tr. 34; *see* 18 U.S.C. § 3553(a)(1).[2] The Government also recommended that the district court consider the need to "protect the public from his further crimes," and "to afford adequate deterrence." Tr. 36; 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3553(a)(2)(B). Although there appears to be some inconsistency between the Government's 46–month sentence recommendation and statements about the application of the Guidelines, the recommendations are not mutually exclusive. Because the agreement illustrates that the Government reserved both the right to recommend a sentence *and* to advance an argument about the application of the Guidelines range, we find the Government did not act in a manner beyond the scope of the promises memorialized in the plea agreement.

Additionally, Tripodis argues that the phrase, "this case" functions as language which limits the Government's discussion to facts pertaining to the instant offenses, and the parties did not intend for the Government to discuss facts about earlier cases involving his prior criminal acts. The Government responds

---

[2] In addition to the applicable Guidelines range, Section 3553(a) provides, *inter alia*, that district courts must consider: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for adequate deterrence to criminal conduct; (5) protection of the public from further crimes of the defendant; and (6) the need to avoid unwarranted sentencing disparities, prior to imposing a sentence. *See* 18 U.S.C. § 3553(a).

that such language encompasses the Government's right to inform the district court of "all facts and circumstances" such as past criminal acts committed by Tripodis. When "interpreting a plea agreement, we do not accept a hyper-technical reading of the written agreement or a rigidly literal approach in the construction of the language." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004) (internal quotations and citations omitted).

A defendant may bargain for the plea agreement to limit the type of facts the Government may offer to the district court. *See United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992). In the past we have said that the "Government can enter into a binding agreement with a defendant to restrict the facts upon which the substantive offense is based." *Id.* (quotation and citation omitted). Furthermore, "[t]he solemnization of a plea agreement does not preclude the Government from disclosing pertinent information to the sentencing court." *Boatner*, 966 F.2d at 1578 (citation omitted).

In this case however, the plea agreement lacks any indication that the Government agreed not to discuss Tripodis's past crimes. Rather, the language of the plea agreement memorializes Tripodis's express stipulation of the factual background information which recounts his conviction of other "federal automobile theft charges," and that he violated the terms of his supervised release

9

for that offense.  Doc. 97–2 at 4.  Tripodis has not pointed to any language in the

plea agreement which restricts the Government from offering such facts to the

district court.  The unambiguous language of the plea agreement permits the

Government to report background information about Tripodis's past criminal

activity to the district court. The Government therefore, did not violate the plea

agreement because it expressly reserved the right to inform the district court of

circumstances and  *all* facts about both "the defendant" *and* "this case."  *Id.* at 5.

The record also indicates that the district court found Tripodis's background

information pertinent to fashioning a sentence running consecutively to the prior

19-months' imprisonment for the "supervised release revocation in 1:01–CR–109."

Tr. 40; *see* Doc. 97–2 at 4–5.  Therefore, the Government's presentation of facts

regarding Tripodis's prior criminal activities was relevant to the sentencing

process.  Accordingly, Tripodis has failed to show that the Government's

sentencing argument breached the plea agreement.  Therefore, we affirm as to both

appeals.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

10